IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JAMES ISAAC GODWIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:08-CV-399-VEH |
| | ) |
| **FORD MOTOR COMPANY, et al,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Before the Court is the Defendant Ford Motor Company's Motion for Summary Judgment (Doc. 25). The motion was filed on April 29, 2009. Under the Court's Uniform Initial Order, any response was due no later than 21 days thereafter. (*See* Doc. 11, Appendix II, p. 1). Therefore, the motion is now under submission.

This case arises out of a single-car accident involving a vehicle manufactured by the Defendant and driven by the Plaintiff. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiff is a citizen of Alabama and Defendant is a incorporated in Delaware and the amount in controversy is in excess of $75,000. (Compl., Doc. 1 at ¶¶ 1-3; Answer, Doc. 7 at ¶¶ 1-3.) According to Plaintiff, the accident occurred because of a defect in the vehicle. Because the Plaintiff has

presented no evidence of any defect, the Court finds that the Plaintiff has failed to establish a prima facie case as to any of his claims and, therefore, Defendant's motion is due to be **GRANTED**.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000).

The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(c) requires the nonmoving party to go beyond the pleadings and, by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023.

In this case, the Defendant does not bear the burden of proof at trial and has based its motion on an affirmative demonstration of the absence of any evidence in the record in support of a judgment for the Plaintiff on his claims. This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the court that there is an absence of evidence to support the nonmoving party's case. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 at 1115-16 (11th Cir. 1993). If the movant meets its initial burden by using this method, the nonmoving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343 (1996)

(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff failed to file a brief in opposition to the Defendant's motion for summary judgment. However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004), citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). While this Court is not required to examine every item of evidence before it when considering a motion for summary judgment, it must make certain that the motion is "supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101. At the least, this Court must consider all the evidence submitted by the movant in support of its motion. *Id.*, citing *Jeroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) (". . . the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")  The movant must demonstrate an absence of a genuine issue of material fact; if the movant fails to meet his burden, this Court may deny the motion, without regard to whether the nonmovant has filed a response. *Hibernia Nat'l Bank*, 776 F.3d at 1279, citing *John*, 757 F.2d at 708. However, because the nonmovant has not supplied the Court with a response to dispute any issue of fact, this Court may receive the movant's factual account as

"a prima facie showing of its entitlement to judgment." *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988), citing *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III.   FACTUAL AND PROCEDURAL HISTORY[1]

On May 19, 2004, Plaintiff John Isaac Godwin ("Godwin") was involved in a single vehicle automobile accident that occurred in Marshall County, Alabama while driving a 1998 Ford Explorer. (Doc. 1 at ¶¶ 5-6.)  On March 6, 2008, Godwin filed his Complaint in this Court, alleging that the vehicle "was not reasonably safe when being used in a foreseeable manner, but to the contrary, was defective and unreasonably dangerous to the human body when being so used." (Doc. 1 at ¶ 8.) According to Godwin, the vehicle manufactured by Defendant Ford Motor Company ("Ford") was the proximate cause of injuries to Godwin, rendering Ford liable in the case filed by Godwin. (Doc. 1 at ¶¶ 9-13.)  Godwin's complaint asserted theories of negligence, breach of contract, breach of express and implied warranties, and

---

[1] These are the facts for summary judgment purposes only. They may not be the actual facts. See *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts'")(citation omitted).

violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). (Doc. 1 at ¶¶ 13, 16.)

Counsel for both parties met on April 14, 2008, and they subsequently filed a Report of the Parties' Planning Meeting. (Doc. 15.) As part of the report the parties agreed that Godwin would provide information from all experts on or before January 1, 2009, and that experts would be made available for deposition on February 1, 2009. (*Id*.)  Also on April 14, 2008, the Court entered a Scheduling Order explaining that disclosure of experts to the Court was due by January 1, 2009.  (Doc. 16.)

Plaintiff failed to timely identify any experts by these dates and counsel for Ford contacted Plaintiff's counsel on numerous occasions attempting to determine whether Plaintiff intended to produce such information. (Doc. 25 at ¶ 6.)  However, Plaintiff has yet to identify any experts and has not provided any expert reports in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure.  (Doc. 25 at ¶ 7.)  On March 11, 2009, Ford moved to strike Godwin's use of experts (Doc. 21) but, since the Court had no indication that Plaintiff sought to use expert testimony at trial, the Court denied the motion without prejudice (Doc. 22.)

**IV.   ANALYSIS**

Because it is dispositive in this case, the Court first turns to Ford's argument that it is entitled to summary judgment because Godwin cannot prove causation.

Specifically, Ford contends that Plaintiff's lack of expert testimony leaves Godwin without any evidence to prove that the defective condition of his vehicle caused the accident that resulted in his injuries. (Doc. 25 at 16.)

Causation is an essential element of all of Godwin's claims. In order to establish liability in an AEMLD action, a plaintiff must prove that the product was defective and that the plaintiff's injury is causally related to the product's defective condition. *See Verchot v. General Motors Corp.*, 812 So. 2d 296, 301 (Ala. 2001). "In a negligence action the plaintiff must prove (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or injury; and (4) that the defendant's breach was the actual and proximate cause of the plaintiff's loss or injury." *DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So.2d 454, 461 (Ala. 2008). "To be guilty of wanton conduct, one must, with reckless indifference to the consequences, consciously and intentionally do some wrongful act or omit some known duty, and, to be actionable, that act or omission must produce the plaintiff's injury." *Smith v. Davis*, 599 So.2d 586, 588 (Ala. 1992). "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So.2d 100, 105-06 (Ala.2002). Finally, in order to

sustain a cause of action under breach of warranty, plaintiff must prove the existence of such warranty, breach, and proximate causation of damages. *See Clark v. Allied Healthcare Products, Inc.*, 601 So. 2d 902, 903 (Ala. 1992).

Even assuming that the vehicle was defective[2] (no specific defect has been alleged by Godwin or cited by Ford in its motion for summary judgment), Godwin must put before the Court evidence that, if believed, demonstrates that such defect <u>caused</u> the accident in question. Godwin has presented no such evidence, through expert testimony or otherwise, that any alleged defect caused his accident or that his accident was caused by any other act or omission of Ford. Thus, Godwin has failed to carry his burden as to a prima facie element common to all his claims. Because Ford has asserted that there is no evidence of causation, Rule 56(c) requires Godwin to go beyond the pleadings and, by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

In a products liability case involving causes of action brought under the

---

[2] To demonstrate that a product is defective in an AEMLD case involving a complex piece of machinery like the vehicle in question, Godwin is required to support his case with expert testimony. *See Bagley v. Mazda Motor Corp*, 864 So. 2d 301,313 (Ala. 2003). However, in *Ex parte General Motors Cop.*, 769 So. 2d 903 (Ala. 1999), a breach of warranty case involving a vehicle, the Alabama Supreme Court held that, unlike an action brought under the AEMLD, expert testimony was not required "in every case involving an alleged malfunction of a product." *Id.* at 913. Therefore, Defendants would not be entitled to judgment as a matter of law on Plaintiff's breach of warranty claims based on a lack of expert testimony <u>alone</u>.

AEMLD as well as theories of negligence, wantonness, and breach of warranty, this Court granted summary judgment in favor of the Defendant when the exclusion of the plaintiff's expert meant that the plaintiff had no evidence to support causation. *See Thomas v. Evenflo Company, Inc.*, No. 2:02-CV-2001-VEH, Doc. 115 at 2 (N.D. Ala. Aug. 11, 2005), *aff'd on other grounds*, 205 Fed. Appx. 768, 71 Fed. R. Evid. Serv. 944 (11th Cir. 2006). In the instant case, Godwin has presented no evidence that could establish that any alleged defect was the proximate cause of his injuries.

Ford contends that, "[w]hether Plaintiff's complaint [is] cast as a negligence, wantonness, breach of contract, or breach of express or implied warranty theory, there is no basis whatsoever under any fact or law to establish liability where Plaintiff has failed to produce any evidence whatsoever of a condition within the vehicle that would factually support any of Plaintiff's theories of liability." (Doc. 25 at 17.) "Plaintiff has offered no evidence whatsoever that the vehicle failed in any material respect that resulted in the accident or cause [sic] Plaintiff's injuries. On the record before it, this Court agrees. There is no evidence in the record that establishes that Ford sold a defective product that caused the Plaintiff's injuries." (*Id.*) Therefore, the Court finds that the Defendant's Motion for Summary Judgment is due to be **GRANTED**.

## V. CONCLUSION

Because Godwin has not produced any evidence that would support a finding that a defect in his vehicle proximately caused his injuries, the Defendant's Motion for Summary Judgment is due to be **GRANTED**. A separate Order will be entered.

**DONE** and **ORDERED** this the 1st day of June, 2009.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge